**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Sarah Kilgore, et. al.,** | ) | **CASE NO. 1:25 CV 02544** |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **Revlon Consumer Products, LLC, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* plaintiff Sarah Kilgore brought this civil rights action on behalf of her minor son, I.J.K., against Revlon Consumer Products, LLC, and MacAndrew & Forbes. (Doc. No. 1). Ms. Kilgore also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants that application.

**BACKGROUND**

The complaint, in its entirety, states that "the minor suffered injuries, a disability-ARFID, because of his mother's injury, he has suffered discrimination, emotion[al] distress, [and] mental anguish." (Doc. No. 1 at PageID #4). The complaint seeks "more than $500,000–unlimited" in relief. (*Id.*).

**STANDARD OF REVIEW**

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma*

*pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

As an initial matter, Ms. Kilgore is attempting to bring claims against Defendants on behalf of her son, I.J.K.. Non-attorney parents, however, cannot appear *pro se* on behalf of their minor child in lawsuits in federal court.

A party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). The statute, however, "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). This rule "'protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.'" *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (quoting *Zanecki v. Health Alliance Plan of Detroit*, 576, F. App'x 594, 595 (6th Cir. 2014) (per curiam)).

Therefore, parents cannot appear *pro se* on behalf of their minor children "because a minor's personal cause of action is [his or] her own and does not belong to [his or] her parent or representative." *Shepherd*, 313 F.3d at 970 (citation omitted); *see also McCoy v. Akron Police Dep't*, No. 5:21-cv-51, 2021 U.S. Dist. LEXIS 88484, 2021 WL 1857119, at *1 (N.D. Ohio May 10, 2021) ("[W]hile a parent may technically bring suit on behalf of a minor child, he or she may not do so *pro se* -that is, the parent can only bring suit on behalf of the minor child through an attorney.") (citing *Shepherd*, 313 F.3d at 970). The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court "is designed to protect the interests of the minor party[.]" *Adams v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (citation omitted); *see also Wirtz v. Medina City Sch. Dist. Bd. of Educ.*, No. 1:21-cv-1730, 2022 U.S. Dist. LEXIS

121230, *5 (N.D. Ohio July 8, 2022) (dismissing without prejudice Section 1983 claims brought by *pro se* parent on behalf of her minor children).

Here, there is no suggestion in the complaint that Ms. Kilgore is a licensed attorney who may lawfully assert the claims of her minor child. Therefore, the purported claims Ms. Kilgore asserts on behalf of I.J.K. are dismissed without prejudice to any of the child's claims being refiled by an attorney.

Moreover, the complaint consists only of one brief, conclusory assertion, providing no facts upon which a court could find Defendants engaged in any wrongdoing. The complaint, therefore, fails to satisfy the Rule 8 pleading requirements and must be dismissed on this basis as well.

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading requirements." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). This Court is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must give the defendants fair notice of what the plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *see also Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (all

complaints must contain either direct or inferential allegations respecting all material elements of some viable legal theory to satisfy federal notice pleading requirements) (citations omitted).

Here, the complaint, even liberally construed, fails to meet the most basic pleading standard, as the pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint is completely devoid of any factual allegations, it fails to connect any alleged occurrence to a specific injury, and the complaint fails coherently to identify how each Defendant has harmed Ms. Kilgore's son. Additionally, the complaint fails to assert a cognizable claim within the jurisdiction of this Court based on recognized legal authority. The vague and conclusory assertion that I.J.K. "suffered discrimination" is insufficient. Plaintiffs' pleading is nothing more than a mere "unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. The complaint, therefore, fails to meet the minimum pleading requirements of Rule 8, and it must be dismissed on this basis. *Id.*

## CONCLUSION

Accordingly, the Court GRANTS Ms. Kilgore's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action WITHOUT PREJUDICE pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be made in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 12/4/25